# EXHIBIT A

ORIGINAL

1  Michael T. Carr, CSBN 183085
   LAW OFFICES OF MICHAEL T. CARR, APC
2  2670 Myrtle Avenue, Suite 106
   Monrovia, CA 91016-5077
3  Telephone: (626) 254-8901
4  Facsimile: (626) 254-8921
   Email: mike@michaelcarrlaw.com
5

6  Attorneys for Plaintiffs,
   LASHERRILL REEVES

FILED
LOS ANGELES SUPERIOR COURT
JUN 09 2016
Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Tina Tomasick

A6029
93534

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES, NORTH JUDICIAL DISTRICT

MICHAEL ANTONOVICH ANTELOPE VALLEY COURTHOUSE

| | |
|---|---|
| LASHERRILL REEVES, as an individual, | Case No. MC026371 |
| Plaintiffs, | COMPLAINT: |
| vs. | 1. UNFAIR AND DECEPTIVE BUSINESS PRACTICES IN VIOLATION OF THE BUSINESS AND PROFESSIONS CODE §17200 et al., |
| THE UNIVERSITY OF PHOENIX, INC., a business entity doing business in California; APOLLO EDUCATION GROUP, INC., a business entity doing business in California and DOES 1 through 100, Inclusive, | 2. VIOLATION OF CONSUMER LEGAL REMEDIES ACT §17500 et seq. |
| | 3. FRAUD or DECIET |
| Defendants. | DEMAND FOR JURY TRIAL |

///
///

- 1 -
COMPLAINT

Plaintiff, LASHERRILL REEVES, hereby demands a jury trial and complains and alleges as follows:

## GENERAL ALLEGATIONS

(Against Defendants THE UNIVERSITY OF PHOENIX, INC.; APOLLO EDUCATION GROUP, INC., and DOES 1 through 100)

1. This Complaint is brought by Plaintiff, LASHERRILL REEVES, against Defendant THE UNIVERSITY OF PHOENIX, INC., ("UNIVERSITY OF PHOENIX" or "UOP"). Plaintiffs are informed and believes, and based thereupon, alleges, that all times relevant hereto Defendant UNIVERSITY OF PHOENIX is a subsidiary of Defendant APOLLO EDUCATION GROUP, INC., was and is owned by the APOLLO EDUCATION GROUP, INC.

2. Plaintiff is informed and believe, and based thereupon, alleges, that all times relevant hereto that Defendant APOLLO EDUCATION GROUP, INC., was and is the parent corporation of Defendant UNIVERSITY OF PHOENIX, and is doing business in California, and it owned, managed, controlled and operated Defendant, UNIVERSITY OF PHOENIX through common management, and/or common ownership and entities. Defendant UOP is, and at all relevant times was, a corporation in the state of Arizona and doing business in California as a for-profit college and additionally subject to the provisions of the *California Private Post Secondary Education Act of 2009, Cal. Education Code* §§94700 et seq.

3. Plaintiff is informed, believes, and alleges that, at all times herein mentioned, Defendants, and each of them, were the agents or employees of each of the other Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency and/or employment and with the permission and consent of his/her co-Defendants.

///

## JURISDICTION

4. That venue is proper under *Code of Civil Procedure section* 395, in that the alleged conduct giving rise to the allegations in this complaint and many of the activities giving rise to the causes of action have substantially or completely taken place within the County of Los Angeles, and one or more the named Plaintiff is and was a resident of Lancaster, Antelope Valley in the County of Los Angeles.

5. Plaintiff has complied with the requisite notice requirements pursuant to *California Civil Code* §1782 by providing at least 30 days prior to the commencement of this action for damages, Plaintiff notified Defendant of the alleged violations and demanded Defendant to correct or otherwise rectify the goods or services in violation of the Consumer Legal Remedies Act, ("CLRA").

6. Plaintiff alleges upon information and belief that UOP, like most for-profit educational corporations, receives most of its revenue from federal financial aid sources such as from various types of Title IV programs including Stafford Loans, and other Federal Supplemental Educational Loans.

7. To continue receiving federal monies, Defendant has engaged in illegal, unfair, and deceptive conduct to further its goal of enrolling as many students as possible in its programs, and all in violation of the *California Private Post Secondary Education Act of 2009*, *Cal. Education Code* §§94700 et seq., in order to receive the most amount of federal funding via enrolled students.

8. Defendant's illegal, unfair, and deceptive conduct carried out to further its goal of enrolling as many students as possible in its programs and consequently to be able to maximize

the amount of federal funding it receives, is also in violation of the *California Private Post Secondary Education Act* of 2009, *Cal. Education Code* §§94700 et seq.

9. This Complaint is brought forth as a result of the fraudulent and deceptive business practices carried out by Defendant to the Plaintiff who was essentially sold a "pipe dream" by sophisticated recruiters or high pressure salespersons employed at UOP. However, along with this pipe dream Plaintiff was sold, came a heavy price. This price came in the form of the large Federal loans, which Plaintiff was duped into taking on in order to pay the exorbitant tuition charged by UOP for a substandard education, and not obtaining transferrable credits, and not being able to find employment related to their education from UOP.

10. UOP's high pressure recruiters/salesperson, (euphemistically referred to by UOP as *inter alia*, Admissions Representatives, Academic Recruiters, Enrollment Advisors and/or other similar terms), used aggressive, deceptive, misleading and fraudulent tactics in order to persuade Plaintiff to enroll with UOP. These aggressive and deceptive sales tactics implemented by UOP's admissions representatives/recruiters convinced Plaintiff into taking on large debt, in the form of federal loans, in an amount far beyond their ability to repay. Additionally, as a result of the deceptive and coercive sales tactics used by UOP's recruiters, Plaintiff envisioned obtaining an education that would lead them to begin a lucrative career immediately following completion of UOP's educational program.

11. In order to further its goal of increased profits, Defendant, UOP, created a culture of fraud and deception through its sophisticated high pressure salespersons (or "Recruiters"), and took advantage of its unequal bargaining power over these enrolling students. These so-called Admissions Representatives or Recruiters, ("Recruiters"), were actually sophisticated high pressured salespersons. These Recruiters were compensated on a quota driven policy

orchestrated by UOP and APOLLO EDUCATION GROUP, INC., and, therefore zealously driven to enroll as many students as possible, regardless of the particular circumstances of these students and regardless of the consequences and financial impact that would befall these students. Once Plaintiff contacted UOP, Recruiters immediately initiated aggressive hard sell tactics, including pressuring Plaintiff to make an immediate decision to enroll and to complete the enrollment process, and, to immediately begin the process for taking out federal loans to pay for UOP's tuition.

12. This quota driven conduct by UOP was further demonstrated by awards and bonuses and other financial incentives given to UOP's top producing Recruiters. Defendant's Recruiters employed an array of sophisticated and high pressure sales tactics to convince Plaintiff to enroll. One of the primary methods used by Defendant and its Recruiters to achieve this goal was by ostensibly forming a fiduciary or caring relationship with Plaintiff and creating a false bond of trust with Plaintiff. The Plaintiff perceived UOP's Recruiters as someone who was looking out for her best interest, as someone in a position of authority and knowledge, and, therefore trusted and relied on the representations made by these Recruiters.

**THE RECRUITING PROCESS:**

13. Plaintiff. LASHERRILL REEVES, was formerly enrolled in the Bachelor of Science program in Human Services through Defendant UOP's, online enrollment, from approximately February 2014 through May 2015. Plaintiff enrolled over the telephone with one of UOP's Enrollment Specialists or Admissions Representatives, sometime in or about January 2014, regarding enrollment at UOP. This telephonic meeting which consisted of the recruiting process in which UOP enrolled Plaintiff, lasted approximately thirty (30) minutes.

a. During this meeting, Plaintiff specifically informed the Admissions Representative, that she needed to know if credits earned at UOP were transferable to other colleges or universities, including all colleges in the California state university system.

b. During this meeting, (or recruiting process), with the Admissions Representative, Plaintiffs specifically informed the Admissions Representative, (who identified himself as Mr. Vickers), that she wanted to transfer credits earned at UOP to the Antelope Valley College, or to the University of Southern California and was concerned about whether or not the credits earned at UOP would be transferable to such other colleges. In response UOP's Admissions Representative specifically informed Plaintiff that any units earned at UOP would be transferable to any other college in California. The Admissions Representative specifically informed Plaintiff that he, (Mr. Vickers), was very knowledgeable about the transferability of credits earned at the UOP. Based on and in reliance of these representations made by the Admissions Representative, Plaintiff enrolled at the UOP.

c. During this meeting the Admissions Representative did not disclose any type of assessment regarding what Plaintiff's financial ability to repay the student loan debt, (they would incur via federal funding), would be. In fact, the Admissions Representatives did not discuss that issue at all.

14. After attending UOP for over a year, and after incurring approximately $35,000.00 in federal student loan debt to pay for UOP's tuition, Plaintiff learned that the units

she earned at UOP were not transferable to Antelope Valley College or the University of Southern California. Plaintiff has requested to be reimbursed for the tuition spent, and, UOP has refused to refund any debt Plaintiffs incurred for tuition paid to UOP.

15. Plaintiff is now caught in a "catch 22" type situation. Plaintiff had to take on federally funded student loans adding up to approximately $35,000.00, in order to pay for UOP's exorbitant tuition. The end result of this is Plaintiff has received a substandard education at UOP, and is unable to transfer credits earned at UOP to other colleges or universities in California. Adding to her dilemma, Plaintiff has to first pay off the loans taken out for UOP's tuition before she can qualify for loans to attend a reputable college or university.

## FIRST CAUSE OF ACTION

(Unfair Competition Law)

(Bus. & Prof. Code § 17200, "UCL")

(Against Defendants THE UNIVERSITY OF PHOENIX, INC.; APOLLO EDUCATION GROUP, INC., and DOES 1 through 100)

16. Plaintiff herein incorporates and realleges by reference all preceding paragraphs, and each and every part thereof, in this Complaint with the same force and effect as though set forth at length herein.

17. Plaintiff is a "person" within the meaning of *Bus. & Prof. Code* § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

18. The Unfair Competition Law, ("UCL"), as define per *Bus. & Prof. Code* § 17200, *et seq.*, prohibits "unfair competition," as including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising . . . ." The UCL

further provides for injunctive relief and restitution for violations under the UCL. "The unfair competition statute is not confined to anticompetitive business practices, but is also directed toward the public's right to protection from fraud, deceit, and unlawful conduct." *Hewlett v. Squaw Valley Ski Corp.*, (1997) 54 Cal App 4th 499, 520.

19. UOP has violated statutes and public policies including *Bus. & Prof. Code* §17200 et seq. Through the conduct alleged in this Complaint, UOP has acted contrary to these public policies and statutes, by making or causing to be make or disseminated misleading statements and material omissions of fact to Plaintiffs by making the false representation that the credits earned at UOP, could be transferable to any other universities, and that Plaintiff would be guaranteed employment in a field related to their education at UOP, and that UOP would assist Plaintiff in obtaining employment.

20. The material misrepresentations and acts of concealment, as described above in this Complaint, by UOP are unlawful, unfair and/or deceptive and fraudulent business practices has misled and deceived the public and including prospective students in the past and will continue to mislead and deceive the public in the future.

21. Defendants' conduct, as alleged hereinabove, constitutes unfair competition laws in violation of *Bus. & Prof. Code* §17200 et seq.

22. As a direct and proximate result of UOP's deceptive and unlawful acts, Plaintiff has been injured. Defendant, by engaging in the conduct herein alleged, either knew or in the exercise of reasonable care should have known that the conduct was unlawful. This false and/or misleading and deceptive conduct and practice by UOP that has been ongoing, was carried out with the intent of inducing the general public, including Plaintiff to enroll at UOP. As such, it is a violation of *Calif. Bus. & Prof. Code* § 17200.

## SECOND CAUSE OF ACTION

(VIOLATION OF CONSUMER LEGAL REMEDIES ACT, *Calif. Civ. Code* § 1750)

(Against Defendants THE UNIVERSITY OF PHOENIX, INC.; APOLLO EDUCATION GROUP, INC., and DOES 1 through 100)

23. Plaintiff herein incorporates and realleges by reference all preceding paragraphs, and each and every part thereof, in this Complaint with the same force and effect as though set forth at length herein.

24. The Consumer Legal Remedies act ("CLRA"), is designed "to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection. CRLA makes it unlawful, *inter alia,* to use any deceptive and/or fraudulent representations in connection with goods or services, undertaken by any person in the transaction intended to result or which results in the sale of goods or services to any consumer. *Calif. Civ. Code* § 1750(4).

25. Plaintiff have complied with the requisite notice requirements pursuant to *California Civil Code* §1782 by providing more than 30 days prior to the commencement of this action for damages, Plaintiffs notified Defendant of the alleged violations and demanded Defendant to correct or otherwise rectify the goods or services in violation of the Consumer Legal Remedies Act, ("CLRA").

26. Written notice, was sent out June 29, 2015, via certified mail, return receipt requested, pursuant to *California Civil Code* §1782 notifying Defendant UOP, that Defendant has violated the CLRA by engaging in deceptive, unfair and fraudulent practices and requested Defendant to remedy the herein described violations of the CLRA. Said written notice demanded

- 9
COMPLAINT

UOP to cure, correct or rectify the herein described violations within 30 days from receipt of this notice. Defendant has failed to cure, correct or rectify these violations.

27. UOP violated the Consumer Legal Remedies Act by providing false information to Plaintiffs regarding the school's accreditation and transferability of educational units earned at UOP and post graduation job placement rates.

28. Accordingly, Plaintiff have been damaged by incurring federal loan debt into the tens of thousands of dollars and spent time pursuing their education at UOP in reliance and based on the false and misleading statements communicated to Plaintiff and, the high pressure sales tactics implemented by UOP's recruiters towards Plaintiff, during the recruitment process. Had Plaintiff known of the falsity of Defendant's statements, they would not have enrolled at UOP.

29. UOP's wrongful acts and practices as alleged above, were done knowing, willfully, oppressively, intentionally malicious and fraudulently carried out for the express purpose of increasing profits through generating millions of dollars in federal loan monies all at the expense of defrauding and damaging Plaintiffs. As a result Plaintiff are entitled to punitive damages.

### THIRD CAUSE OF ACTION

(FRAUD or DECEIT, *Calif. Civil Code* §§1572, 1709)

(Against Defendants THE UNIVERSITY OF PHOENIX, INC.; APOLLO EDUCATION GROUP, INC., and DOES 1 through 100)

30. Plaintiff and on behalf of the Class herein incorporates and realleges by reference all preceding paragraphs, and each and every part thereof, in this Complaint with the same force and effect as though set forth at length herein.

- 10 -
COMPLAINT

31. As part of UOP's recruitment process, UOP has engaged in a pattern and practice of knowing and willfully making false representations of material fact and/or omissions of material fact with the intent to deceive Plaintiffs and to induce reliance on the false representations and/or material omissions to induce reliance by the Plaintiffs.

32. Fraud consists of acts committed by a part to the contract with intent to deceive another part thereto, or to induce him or her to enter into the contract. *Calif. Civil Code* §1572.

33. Tortious fraud or deceit occurs when a party willfully deceives another with the intent to induce that party to alter his or her position to his or her injury or risk. A party causing fraudulent deceit liable for any damage which the deceived party suffers. *Calif. Civil Code* §1709.

34. UOP engaged in fraudulent conduct by making misleading and deceptive and false statements, and/or by intentionally and knowingly omitting material information to Plaintiffs thereby inducing them to enroll at UOP and to incur debt into the tens of thousands of dollars in order pay the exorbitant tuition for a substandard education.

35. Accordingly, Plaintiff has been damaged by incurring federal loan debt into the tens of thousands of dollars and spent time pursuing her education at UOP in reliance and based on the false and misleading statements communicated, and, the high pressure sales tactics implemented by UOP's recruiters during the recruitment process. Had Plaintiff known of the falsity of Defendant's statements, she would not have enrolled at UOP.

36. UOP's wrongful acts and practices as alleged above, were done knowingly and intentionally. Oppressive, intentionally malicious and fraudulent carried out for the express purpose of increasing profits through generating thousands of dollars in federal loan monies all at

- 11 -
COMPLAINT

the expense of defrauding and damaging Plaintiff. As a result, Plaintiff is entitled to punitive damages.

**WHEREFORE,** the Plaintiff prays for the following relief, to be determined by a jury, as follows:

1. For Restitution in an amount according to proof to proof at trial, but in the excess of $75,000.00;

2. For compensatory damages in an amount according to proof to proven at trial, but in the excess of $75,000.00, in order to compensate Plaintiff for said damages including tuition paid, loan debt incurred and reimbursement for all loan payments, loss of earning, loss of time.

3. For general damages in an amount according to proof, but in excess of the minimum jurisdiction of this court;

4. For disgorgement of profits obtained by UOP and all Defendants, resulting from UOP's unfair, deceptive, unlawful and fraudulent business practices upon Plaintiff;

6. For attorneys fees and costs incurred pursuing this claim against Defendant pursuant to *Calif. Civil Code* §1021.5;

7. For all applicable and appropriate punitive and exemplary damages.

Plaintiff hereby demands a jury trial.

Dated: June 3, 2016

            LAW OFFICES OF MICHAEL T. CARR

            _____
            Michael T. Carr
            Attorney for Plaintiff, LASHERRILL REEVES